IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANIBAL MOLINA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 19 C 7538 |
| | ) |
| EXPERIAN INFORMATION | ) Judge John Z. Lee |
| SOLUTIONS, INC., EQUIFAX | ) |
| INFORMATION SERVICES, LLC, | ) |
| and TRANSUNION DATA | ) |
| SOLUTIONS, LLC, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Anibal Molina has sued Trans Union, LLC, incorrectly identified as TransUnion Data Solutions, Inc., ("Trans Union"), alleging that it violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.[1] Specifically, he alleges that Trans Union failed to assure the maximum possible accuracy of the information it reported in violation of § 1681e(b), and failed to conduct a reasonable reinvestigation of disputed matter in violation of § 1681i(a). Trans Union has moved for judgment on the pleadings. For the following reasons, the motion is granted, and this case is dismissed.

---

[1] Equifax Information Services, LLC and Experian Information Solutions, Inc. have already been dismissed from the case pursuant to individual settlement agreements. *See* 2/18/20 Minute Entry, ECF No. 34; 1/29/20 Minute Entry, ECF No. 32.

I. **Background**[2]

Molina incurred a debt for goods and services on a consumer credit card that she had from Synchrony Bank ("the Debt"). Compl. ¶ 10, ECF No. 1. At some point, Midland Funding, LLC ("Midland") acquired the Debt and filed a small claims suit against Molina on February 21, 2017, seeking to collect the Debt. *Id.* ¶¶ 12, 13.

The parties decided to proceed to arbitrate the dispute. *Id.* ¶ 15. But Midland voluntarily dismissed the case, without prejudice, on September 7, 2017, the day that the arbitration was set to begin. *Id.* ¶ 19. After dismissing the case, Midland continued to inform Trans Union and other credit reporting agencies ("CRAs") that it owned the Debt. *Id.* ¶ 20.

According to Molina, however, Midland failed to produce any evidence during the arbitration discovery process that it actually owned the Debt. *Id.* ¶¶ 13, 16–18. For example, Midland could not produce a purchase agreement to show it had acquired the Debt from Synchrony Bank. *Id.* ¶¶ 17–19.

On October 8, 2019, Molina's counsel sent a letter to Trans Union informing it that the information provided by Midland to the CRAs was inaccurate. *Id.* ¶¶ 21, 84; *id.* Ex. C. Trans Union then notified Midland of the dispute, and Midland responded through the Automatic Consumer Report Dispute Verification ("ACDV") process confirming its ownership. *Id.* ¶¶ 94, 96. Relying on Midland's response, Trans Union continued to report that Midland owned the Debt. *Id.* ¶¶ 86, 96.

---

[2] On a motion to dismiss, the Court takes all well-pleaded facts as true and draws all reasonable inferences in plaintiff's favor. *Kanter v. Barr*, 919 F.3d 437, 441 (7th Cir. 2019).

## II.     Legal Standard

"A motion for judgment on the pleadings is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Gill v. City of Milwaukee*, 850 F.3d 335, 339 (7th Cir. 2017) (citing *Buchanan-Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Additionally, when considering motions to dismiss, the Court accepts "all well-pleaded factual allegations as true and view[s] them in the light most favorable to the plaintiff." *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013) (citing *Luevano v. Wal–Mart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013)). At the same time, "allegations in the form of legal conclusions are insufficient to survive a Rule 12(b)(6) motion." *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 885 (7th Cir. 2012) (citing *Iqbal*, 556 U.S. at 678).

## III.     Analysis

The FCRA requires CRAs to implement "reasonable procedures to assure maximum possible accuracy of the [reported] information." 15 U.S.C. § 1681e(b). When a consumer disputes information contained in a report, CRAs must carry out "a reasonable reinvestigation to determine whether the disputed information is

3

inaccurate." *Id.* § 1681i(a)(1)(A). That said, a claim cannot proceed under either of these provisions unless, as a threshold matter, the plaintiff has alleged that the report contains factually inaccurate information. *See Denan v. Trans Union LLC*, 959 F.3d 290, 297 (7th Cir. 2020); *see id.* at 296 n.4.

Molina contends that he has alleged a factual inaccuracy by asserting that Midland is not the true owner of the Debt, contrary to Trans Union's reports. Pl.'s Resp. Mot. Dismiss and Mot. J. Pleadings at 4–6, ECF No. 47. In support, he cites *In re Meyer*, 151 F.3d 1033, 1998 WL 538160, at *4 (7th Cir. 1998) (unpublished opinion), for the proposition that "ownership is a pure question of fact." *See id.* at *13. But *In Re Meyer* concerned the ownership of a corporation, rather than a debt, and had nothing to do with the FCRA. *See id.*; *see also Chuluunbat v. Calvary Portfolio Servs.*, No. 20 C 164, 2020 WL 4208106, at *3 (N.D. Ill. July 22, 2020) (distinguishing *In Re Meyer* on these grounds). Additionally, Seventh Circuit Rule 32.1 precludes the Court from considering unpublished Seventh Circuit opinions that were issued before January 1, 2007. Therefore, *In Re Meyer* provides no guidance here.

The Seventh Circuit's holding in *Denan*, 959 F.3d 290, is more informative. There, the plaintiffs sued Trans Union for reporting debts that it knew were "legally invalid." *See id.* at 292–93. But the Seventh Circuit held that Trans Union was not required to verify the legal validity of the reported debts because it was a legal question that "exceed[ed] the competencies of consumer reporting agencies." *See id.* at 295. Furthermore, because the plaintiffs had failed to allege that Trans Union's report of the debt contained a factual inaccuracy (as opposed to a legal one), the

4

Seventh Circuit affirmed the dismissal of the claims brought under § 1681i(a) and § 1681e(b). *See id.* at 296–97.

The question here is whether Plaintiff's claim that Midland does not own the Debt—and, as a result, Trans Union's report of the Debt is inaccurate—should be considered a challenge to the *factual* accuracy or *legal* accuracy of Trans Union's report. Put another way, is Trans Union's statement that Midland owns the Debt a factual statement or a legal one? Two district courts in this circuit have considered this question—*Chuluunbat*, 2020 WL 4208106, and *Rodas v. Experian Info. Sols., Inc.*, No. 19-CV-07706, 2020 WL 4226669, at *2 (N.D. Ill. July 23, 2020).

In *Chuluunbat*, the plaintiff alleged that the CRA defendants violated the FCRA by inaccurately reporting that his debt was owned by Cavalry Portfolio Services ("Cavalry") without obtaining sufficient documentation of such ownership. *See* 2020 WL 4208106 at *3. Defendants argued that such a claim was not based upon a factual inaccuracy, and the court agreed. As the court explained, in order to determine ownership, "one must first determine whether there exists an instrument through which ownership of the Debt was transferred to Cavalry, whether the instrument was properly executed, and whether the instrument is legally enforceable." *Id.* Because the power to resolve these mixed questions of law and fact "exceeds the competencies" of CRAs, the court dismissed the claims against the CRA defendants. *Id.*

In *Rodas*, the plaintiff alleged that the defendants had inaccurately reported that Midland owned his debt in violation of the FCRA. 2020 WL 4226669 at *1. The

5

*Rodas* court held that the plaintiff's claim was based on a "potential legal inaccuracy" and that whether the original creditor had transferred or assigned ownership to Midland was a question of law for a tribunal to determine before plaintiff may assert ownership as a factual inaccuracy under the FCRA. *Id*. at *2. As a result, the court likewise dismissed the claim.

      The Court finds these cases persuasive. Whether ownership of a debt involves closely intertwined questions of law and fact as the court held in *Chuluunbat*, 2020 WL 4208106 at *3, or a question of law as the court held in *Rodas*, 2020 WL 4226669 at *2, the question of ownership requires the resolution of complex issues beyond "the competencies of consumer reporting agencies" and is best left to the courts. *See Denan*, 959 F.3d at 295. Therefore, until such time a court concludes that Midland does not own the Debts, Molina cannot pursue claims under § 1681e(b) or § 1681i(a) of the FCRA on the basis that Trans Union's report of ownership is inaccurate. *See Denan*, 959 F.3d at 296 (citing *DeAndrade v. Trans Union LLC*, 523 F.3d 61, 68 (1st Cir. 2008)); *Rodas*, 2020 WL 4226669, at *2 (citing *Garland v. Marine Credit Union*, No. 18 C 270, 2018 WL 5313769, at *4 (E.D. Wisc. Oct. 26, 2018)); *Chuluunbat*, 2020 WL 4208106, at *3.

## IV. <u>Conclusion</u>

For the reasons discussed above, Trans Union's motion for judgment on the pleadings is granted. This case is dismissed.

**IT IS SO ORDERED.**  **ENTERED: 8/17/20**

_____
**JOHN Z. LEE**
**United States District Judge**